

**SIGNED this 13 day of April, 2007.**

```
                              /s/ R. Thomas Stinnett
                              _____
                                    R. Thomas Stinnett
                              UNITED STATES BANKRUPTCY JUDGE
```
_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re

Debra Gay Reels,                              Bankruptcy Case
                                              No. 03-17134
    Debtor


Debra Gay Reels,                              Adversary Proceeding
                                              No. 03-1420
    Plaintiff


v.

Robert B. Cunningham, Mary
C. Cunningham & R. Jonathan
Guthrie, Successor Trustee

    Defendants

### MEMORANDUM

Appearances:      Mark T. Young, Chattanooga, Tennessee, Attorney for Plaintiff

                  Richard A. Schulman, Cara J. Alday, R. Jonathan Guthrie; Patrick, Beard,
                  Schulman & Jacoway, Chattanooga, Tennessee, Attorneys for Defendants

R. Thomas Stinnett, United States Bankruptcy Judge

The plaintiff and the defendants have filed cross motions for summary judgment and an agreed statement of facts. The agreed statement of facts and the pleadings yield the following chronology of events.

| | |
|---|---|
| January 2000 | Defendants agree to sell real property to the plaintiff and finance the sale. Plaintiff executes a deed of trust on the property to secure the debt. |
| 2000–2003 | Plaintiff defaults by failing to pay property taxes and note payments. |
| July 2003 | Defendants give notice of default. |
| September 2003 | Registration of appointment of a successor trustee under the deed of trust |
| September 26, 2003 – October 10, 2003 | Successor trustee publishes notice of a foreclosure sale scheduled for October 21, 2003. The notice provides, "The Successor Trustee reserves the right to postpone the foreclosure sale upon oral announcement at the scheduled time of sale." |
| October 20, 2003 | Plaintiff files suit in chancery court to enjoin foreclosure; chancery court denies injunction. |
| October 21, 2003 | Plaintiff files bankruptcy case about 30 minutes before scheduled foreclosure sale and notifies creditors. Bankruptcy filing imposed the broad statutory injunction, known as the automatic stay, which enjoined the foreclosure. 11 U.S.C. § 362(a). Successor trustee appears at time and place set for foreclosure sale and announces postponement to November 25, 2003. A representative from the law firm representing the plaintiff is present for the announcement. |
| November 6, 2003 | Defendants file a motion to lift stay, set for November 20, 2003 |
| November 20, 2003 | Hearing on defendants' motion to lift stay |
| November 21, 2003 | Court enters order lifting stay. |

| | |
|---|---|
| November 25, 2003 | Substitute trustee appears at time and place for postponed foreclosure sale and announces another postponement until December 2, 2003. |
| December 2, 2003 | Defendants foreclose and buy property. |
| December 9, 2003 | Defendants file detainer warrant in general sessions court. |
| December 19, 2003 | Plaintiff files this adversary proceeding – alleging sale violated the automatic stay because the successor trustee orally postponed foreclosure sale while stay was still in effect, and oral postponement of sale also violated requirements of Tennessee law for publishing notice of foreclosure. |

The parties agree that there are only two questions. The first question is whether the successor trustee violated the automatic stay by postponing the foreclosure sale while the automatic stay was still in effect. The plaintiff contends that the substitute trustee could not do anything to create a possibility the foreclosure would proceed despite the plaintiff's bankruptcy and the automatic stay.

Numerous courts have dealt with this question and decided in favor of the foreclosing creditor. Postponing the scheduled foreclosure merely maintains the status quo while the creditor attempts to obtain relief from the automatic stay so that foreclosure sale can be held at the postponed date and time. *See*, *e.g.*, *First National Bank v. Roach (In re Roach)*, 660 F.2d 1316 (9th Cir. 1981); *Worthy v. World Wide Fin'l Services, Inc.*, 347 F.Supp.2d 502 (E. D. Mich. 2004); *Hart v. GMAC Mortgage Corp. (In re Hart)*, 246 B.R. 709 (Bankr. D. Mass. 2000); *see also In re Heron Pond, LLC*, 258 B.R. 529 (Bankr. D. Mass. 2001). Nothing in the facts of this proceeding call for a different result. The court rejects the plaintiff's first argument.

The plaintiff's second argument is that Tennessee law did not allow either oral postponement of the foreclosure sale. According to the plaintiff, the defendants could conduct a foreclosure sale on a different date only by going through the statutory notice procedure again. Oral postponement of foreclosure sales is a fairly common practice in Tennessee. Nevertheless, the court

has not found any reported decision by a Tennessee appellate court or by a federal court applying Tennessee law that provides a good legal basis for the practice or points out the limits on it.

Only one case seems to be close to the point. *Jameson v. Kimbrough*, 354 S.W.2d 458 (Tenn. 1962). That case did not really involved postponement. At the end of the bidding the foreclosing trustee announced that the high bidder would be allowed two hours to pay the purchase price or the property would be sold to the second highest bidder. The high bidder failed to come up with the purchase price, and the property was sold to the second highest bidder. The high bidder brought suit arguing that the trustee did not allow him a reasonable time to pay. The high bidder argued in part that potential bidders at the sale discovered problems with obtaining a foreclosure deed. The court rejected the argument. It pointed out that the problems with obtaining a deed could have been dealt with before the sale, and in any event, those problems were not an excuse for bidders to show up without sufficient funds or potential financing. The court stated in passing that the foreclosing trustee was required to proceed with the foreclosure sale unless the parties agreed otherwise. The court then said that the foreclosing creditor did not consent to postponing the sale. This could be interpreted to mean that a scheduled foreclosure sale can be postponed only as allowed by the deed of trust or an agreement among the interested parties. That is a broad interpretation of the case, however, in light of the nature of the dispute. The foreclosure sale was held at the time set in the published notice. There was no postponement. The court's statements amount to saying that the facts did not compel the trustee to *cancel* the foreclosure sale or allow bidders extra time to obtain purchase money. In other words, the facts could not justify a decision on equitable grounds that the trustee was required to cancel the sale or allow more time for bidders to pay even if the foreclosing creditor objected. The facts left the trustee with discretion as to details of the sale, and the trustee exercised his discretion wisely. As to the question of when oral postponement is allowed, the decision says little or nothing.

Since the deed of trust did not set out the notice requirements for foreclosure, the substitute trustee proceeded under the Tennessee statutes. The plaintiff has not argued that the substitute trustee's actions leading up to the originally scheduled sale failed to comply with the statutes.

As to oral postponement of the originally scheduled sale, § 35-5-101 of the Tennessee Code does not provide any guidance. It says nothing specifically on the point, and it can be viewed as disallowing oral postponement only if it is given very broad and unjustified negative implications. Tenn. Code Ann. § 35-1-101. Likewise, § 35-5-109 does not provide any real guidance on the question. Tenn. Code Ann. § 35-5-109. Finally, failure to comply with the statutory notice requirements does not automatically render a foreclosure sale void or voidable. Tenn. Code Ann. § 35-5-106; *see generally Citifinancial Mortg. Co. v. Beasley*, 2007 WL 77289 (Tenn. Ct. App. Jan. 11, 2007).

In this situation, the court thinks that the question is whether oral notice was adequate. The statutory notices alerted the plaintiff that the foreclosure sale might be continued by oral announcement. The plaintiff's lawyers knew of the first oral postponement. If no one appeared on the plaintiff's behalf to hear the second oral postponement, that was the fault of the plaintiff or her agents. There were not so many oral postponements that the court can assume lack of adequate notice to the plaintiff and the need for a new statutory notice process. Of course, the question as to oral postponement probably would not have arisen if the deed of trust had provided for oral postponement of the foreclosure sale. Nevertheless, the court thinks that the oral postponements were adequate, and they were not disallowed by Tennessee law. The court will enter an order denying the plaintiff's motion for summary judgment and granting the defendants' motion.

# # #